#### OF THE

## TERRITORY OF ARIZONA

### DURING THE YEAR 1893.

[Civil No. 306. Filed January, 1893.]

[32 Pac. 165.]

### W. W. PORTER, Petitioner, v. THOMAS HUGHES, Territorial Auditor, Respondent.

1. OFFICERS — GOVERNOR — VETO — SIGNATURE EVIDENCE OF APPROVAL —ACT OF CONGRESS OF JULY 19, 1876—ORGANIC ACT CONSTRUED— REV. STATS. ARIZ. 1887, APPENDIX, SEC. 1, SUBD. 17, HELD VALID.— By the terms of the Organic Act, *supra*, the governor, in exercising the veto power, is limited to the following courses of action: First, if he approve a bill, he shall sign it; second, if he shall not approve it, he shall return it, together with his objection, to the house in which it originated; third, he may retain a bill presented to him for his approval until it becomes a law by the expiration of ten days, if the legislature remain in session so long. Whatever the governor may do in the premises has reference to a bill in its entirety. The signature of the governor affixed to a bill is the evidence of his approval, and what he may thereafter do in the way of adding objections to any part of the bill is immaterial; and when it appears that the governor signed the appropriation bill passed in 1887, but in signing it he added that the same was approved, except as to subdivision 17 of section 1, this action must be taken as an approval of the whole bill, including subdivision 17.

MANDAMUS. Original application. Granted.

The facts are stated in the opinion.

W. W. Porter, *in persona*.

William Herring, Attorney-General, for Respondent.

**Arizona 4—1**

SLOAN, J.—The plaintiff, W. W. Porter, applies to this court for a peremptory writ of *mandamus* to be directed to the defendant Thomas Hughes, auditor of the territory, requiring him, as said auditor, to issue a warrant on the treasurer of the territory, in favor of the plaintiff, for the sum of twelve hundred dollars. This sum plaintiff claims to be due him for salary as one of the district judges of the territory for the years 1887 and 1888, under an act of the legislative assembly entitled "An act making appropriations for the current and contingent expenses of the civil government of the territory of Arizona for the two years ending on the thirty-first day of December, 1888, and for other purposes." This act is published in the appendix to the Revised Statutes of 1887. Among other items of appropriation enumerated in said act, is one numbered 17 therein, which reads as follows: "For territorial salaries of the district judges, as provided by law, to be expended under the direction of the territorial auditor, to be paid in quarterly installments, $7,200.00; one half to be expended in each of the years 1887 and 1888." Following the act as published in the appendix to the Revised Statutes, appears the following note: "Approved March 10, 1887, (except as to item No. 17, which was vetoed by the governor, and veto sustained by the body in which the act originated)." The case was heard upon an agreed statement of facts signed by the plaintiff and by Clark Churchill, attorney-general, for the defendant. The facts as agreed to are as follows: First, that the petitioner was one of the associate judges of the supreme court for the years 1887 and 1888, and district judge; second, that the petitioner received from the territory during that time fifty dollars per month, and no more; third, that the governor signed the appropriation bill passed in the year 1887, as it appears in the appendix to the Revised Statutes; fourth, that in signing it he added that the same was approved, except as to subdivision 17 of section 1, which applies to appropriation for salaries of judges of the district court; fifth, that the auditor has refused a warrant for the amount claimed in the petition, or any other amount.

Under the pleadings and the facts as agreed to, there is but one question in this action for our decision. Did item 17 of said appropriation bill become a law at the time the governor

affixed his signature to the bill, notwithstanding his attempt to except such item from his approval of the bill as a whole? What is commonly known as the "veto power" was conferred upon the governor of the territory by the act of Congress of July 19, 1876. By the terms of this act the governor, in exercising the power, is limited to one of the following courses of action: First, if he approve a bill, he shall sign it; second, if he shall not approve it, he shall return it, together with his objection, to the house in which it originated; third, he may retain a bill presented to him for his approval until it becomes a law by the expiration of ten days after said presentation, provided the assembly shall not have adjourned *sine die* during the ten days, in which case it shall not become a law. By the Organic Act referred to, whatever the governor may do in the premises has reference to a bill in its entirety, and not to any of its parts. A bill is approved as a whole, or disapproved as a whole. The signature of the governor affixed to a bill is the evidence of his approval. In the case of the act in question, it being admitted that the governor affixed his signature to the same, this action of the governor, being in full compliance with the Organic Act, must be taken, therefore, as an approval of the whole bill as passed by the assembly, and as presented to him for his official action. It becomes immaterial what the governor may have done thereafter in the way of adding his objections to any part of said bill, for he had already exercised the full measure of his power in respect thereto. We hold, therefore, said item numbered 17 in said appropriation bill, making appropriations for the salaries of the judges of the district courts, to be valid, and that the plaintiff is entitled to the relief prayed for in his complaint. The writ will issue.

Kibbey, J., and Wells, J., concur.